HARDER MIRELL & ABRAMS LLP
CHARLES J. HARDER (State Bar No. 184593)
DOUGLAS E. MIRELL (State Bar No. 094169)
KIMBERLINA N. MCKINNEY(State Bar No. 286349)
1801 Avenue of the Stars, Suite 1120
Los Angeles, California 90067
Telephone:   (424) 203-1600
Facsimile:   (424) 203-1601
Email:        CHarder@HMAfirm.com
              DMirell@HMAfirm.com

Attorneys for Plaintiff
HALLE BERRY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HALLE BERRY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TOYWATCH S.p.A., an Italian corporation; TRIBOO DIGITALE USA, INC., a Delaware corporation; TRIBOO DIGITALE S.r.l., an Italian limited liability company; and DOES 1-30, inclusive,<br><br>Defendants. | Case No. CV13-05428-JAK(CWx)<br><br>**JOINT RULE 16(b) REPORT**<br><br>**Scheduling Conference:**<br><br>**Date:**      **October 21, 2013**<br>**Time:**      **8:30 a.m.**<br>**Ctrm:**      **750**<br><br>Action Filed:    **May 30, 2013**<br>Action Removed:  **July 26, 2013** |

The parties hereby submit their Joint Rule 16(b) Report pursuant to the Federal Rules of Civil Procedure ("FRCP"), Rule 26(f), Local Rule 26-1 and this Court's Order dated August 9, 2013 (Dkt. No. 8) (the "August 9, 2013 Order").  The meet and confer conference pursuant to Rule 26(f) was conducted telephonically between Charles J. Harder, Esq. for Plaintiff Halle Berry ("Plaintiff") and James C. Potepan, Esq. and Angeli C. Aragon, Esq. for Defendants Toywatch S.p.A., an Italian corporation, Triboo Digitale USA, INC., a Delaware corporation, and Triboo Digitale S.r.l., an Italian limited liability company (collectively, the "Defendants").

**A. STATEMENT OF THE CASE**

    **1. <u>By Plaintiff</u>**

This is a straightforward case arising from the Defendants' unauthorized use of Plaintiff's name and image by Defendants to advertise and sell their watch products. On May 30, 2013, Plaintiff filed this lawsuit in Los Angeles County Superior Court, Case No. SC120797, asserting claims for violation of her publicity and privacy rights and infringement of her intellectual property rights including trademark, trade name, trade dress and slogan. The case was originally assigned to Hon. Gerald Rosenberg in Department K, but on June 21, 2013, Hon. Richard A. Stone in Department M ordered the case related to another case that he has presided over for more than a year, and which is still pending in his court, namely, *Sandra Bullock v. ToyWatch US*A, Los Angeles Superior Court, Case No. SC116135 (filed on March 1, 2012). Defendants filed an Answer in this action in the Superior Court on July 25, 2013, denying all allegations. Judge Stone set a trial date of August 11, 2014, in this action. Defendants then filed an untimely notice of removal, which is the subject of Plaintiff's Motion to Remand that is scheduled to be heard on the same date and time as the Scheduling Conference: October 21, 2013, at 8:30 a.m.

    **2. <u>By Defendants</u>**

Plaintiff alleges in her complaint that "Defendants intentionally and prominently used [her] name, photograph, image, identity, trademarks, trade name, trade dress and slogan … in advertising, marketing, and/or promotion … to sell watches and other products." (Cmplt. ¶ 15, Dkt. 1.) Based on such allegations, Plaintiff asserts five claims against Defendants characterized as (1) violation of common law right of publicity; (2) violation of common law right of privacy; (3) trademark/trade name infringement under the Lanham Act (15 U.S.C. § 1125(a)); (4) trade dress infringement under the Lanham Act (15 U.S.C. § 1125(a)); and (5) slogan infringement (15 U.S.C. § 1125(a)). Defendants deny Plaintiff's allegations and causes of action, as well as her claim for damages.

On or about June 3, 2013, copies of the summons and complaint and a Notice and Acknowledgement of Receipt of the summons and complaint pursuant to California Code of Civil Procedure section 415.30 were sent by Federal Express to ToyWatch S.p.A. in Milan, Italy, and to Triboo Digitale S.r.l. as well.  Service is effectuated under section 415.30 when the party being served signs and returns the Notice and Acknowledgment of Receipt of the summons.  Neither ToyWatch S.p.A. nor Triboo Digitale S.r.l. signed and returned the Notice and Acknowledgment of Receipt.

At least as early as June 26 and 27, 2013, counsel for Defendants informed counsel for Plaintiff of their desire to remove the case to federal court and reached an agreement concerning an extension of time to respond to the complaint and to remove the action.  On or about July 15, 2013, counsel for Plaintiff and Defendants entered into a written stipulation that provided that Plaintiff "confirms that she has agreed to a fifteen (15) day extension of time for the Defendants to respond to the Complaint and seek removal of the action to federal, and that Defendants' deadline to respond to the complaint is now July 29, 2013."  (Notice of Removal, Dkt. 1, p. 6:22-24.)

Following this, on July 24, 2013, Defendants filed an answer to Plaintiff's complaint in the Los Angeles County Superior Court.  (Notice of Removal, Dkt. 1, p. 25.)  On July 25, 2013, after the date that he now contends was the last day to remove the action, Plaintiff's attorney sent an email to defense counsel in which he expressed a concern that the parties' Stipulation could be construed as an improper agreement to extend the time for removal that could give rise to a contention that the district court lacks jurisdiction and that any judgment that may be entered in this action is therefore invalid.  (Harder Decl., Ex. B, Dkt. 10-2, p. 5.)  It is well established, however, that "the statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional."  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (citations omitted).

On July 26, 2013, Defendants filed a notice of removal of the action in the District Court for the Central District of California. (Dkt. 1.) On August 8, 2013, Plaintiff filed her motion to remand the action to the state court. Plaintiff contends in its motion that Defendants' removal of this action was untimely. There is no contention that this Court lacks either federal question or diversity jurisdiction over the subject matter raised in Plaintiff's complaint in this action. Defendants have opposed Plaintiff's motion to remand on the grounds that the removal was timely. Plaintiff's motion is scheduled to be heard before this Court on October 21, 2013, the same day as the Scheduling Conference.

On March 1, 2012, Plaintiff Sandra Bullock filed a complaint against Defendants ToyWatch USA, ToyWatch USA, LLC, ToyWatch USA Incorporated, TW/USA, Inc., TW/USA Online LLC, Old Toy LLC, Old Toy Online LLC, and Randy Gordon (collectively "ToyWatch Defendants"), among others, alleging one cause of action for violation of California common law right of publicity and right to privacy ("Bullock Action"). The Bullock Action has settled between Plaintiff Bullock and the ToyWatch Defendants, as well as other defendants. However, the Bullock Action is still pending as to the remaining unsettled defendants. Plaintiff Bullock has since agreed to adjudicate the Bullock Action in a private arbitration and, therefore, the California State Court now only has nominal supervision over the remaining dispute in the Bullock Action. Defendants in this action were never parties in the Bullock Action.

**B. SUBJECT MATTER JURISDICTION**

**1. By Plaintiff**

Plaintiff challenges this Court's jurisdiction. Defendants filed an untimely notice of removal on July 26, 2013, and Plaintiff filed a Motion to Remand on August 8, 2013, and an Amended Motion to Remand on August 13, 2013. The hearing on Plaintiff's Motion to Remand is set for October 21, 2013, the same date and time as the Rule 16(b) Scheduling Conference.

Plaintiff continues to object to federal court jurisdiction, and is only participating in the Rule 26(f) and Rule 16(b) procedures pursuant to this Court's Order dated October 2, 2013 (Dkt. No. 15) (the "October 2, 2013 Order"), denying the parties' Joint Stipulation to Continue the Scheduling Conference pending the determination of Plaintiff's Motion to Remand.

### 2.  **By Defendants**

This Court has either federal question or diversity jurisdiction over the subject matter raised in Plaintiff's complaint in this action.  Subject matter is lacking as it relates to the reach and extension of California common law privacy and right of publicity claims, the California Right of Publicity Statute and the Lanham Act claims in Italy, as to conduct and actions performed in Italy, as to Plaintiff's claimed damages, and as to the Italian entities based in Italy.

### C. LEGAL ISSUES

#### 1.  **By Plaintiff**

Plaintiff contends that there are not any unusual legal issues presented by the case.

#### 2.  **By Defendants**

Defendants contend that subject matter is lacking as it relates to the reach and extension of California common law privacy and right of publicity claims, the California Right of Publicity Statute and the Lanham Act claims in Italy, as to conduct and actions performed in Italy, as to Plaintiff's claimed damages, and as to the Italian entities based in Italy.  Defendants Triboo Digitale S.r.l. and Triboo Digitale USA, Inc. have no liability under the Digital Millenium Copyright Act given their limited connection and responsibility.

### D. PARTIES AND NON-PARTY WITNESSES

The parties agree that a list of party and percipient witnesses will be exchanged as part of the Rule 26(a) Initial Disclosures that will be made on or before November 12, 2013.

**E. DAMAGES**

The parties stipulated on July 15, 2013, that the amount in controversy exceeds $75,000, exclusive of interest and costs.  Defendants do not stipulate, admit or acknowledge that Plaintiff has been damaged in any amount.  Damages will be the subject of fact and expert discovery.

**1.  By Plaintiff**

Plaintiff affirms that the value of using her name and image in commercial advertisements for watch products is several million dollars.

**2.  By Defendants**

Defendants deny Plaintiff's claimed damages and Plaintiff's quantification and valuation of her damages  Defendants contend that subject matter is lacking as it relates to the reach and extension of California common law privacy and right of publicity claims, the California Right of Publicity Statute and the Lanham Act claims in Italy, as to conduct and actions performed in Italy, as to Plaintiff's claimed damages, and as to the Italian entities based in Italy.  Defendants Triboo Digitale S.r.l. and Triboo Digitale USA, Inc. have no liability under the Digital Millenium Copyright Act given their limited connection and responsibility.

**F. INSURANCE**

At this time, Defendants are not aware of any applicable insurance.[1]

**G. PRELIMINARY MOTIONS**

**1.  By Plaintiff**

Plaintiff is presently investigating whether Defendants' marketing company, We're With the Brand LLC d/b/a Capobianco & Associates, was involved in the advertisements at issue.  If it was, Plaintiff will add that company as an additional defendant to this action.  Defendants' counsel refused to provide that information

---

[1] For purposes of Rule 26(a) Initial Disclosures, Plaintiff's counsel will ask Defendants' counsel to immediately clarify what they mean by "applicable insurance."

1  when asked by Plaintiff's counsel during the Rule 26(f) conference.  Plaintiff's

2  Motion to Remand is currently pending before this Court; Plaintiff will propound

3  discovery and, if necessary, file discovery motions (either in state or federal court)

4  following the determination of that Motion.

5  **1. By Defendants**

6  At this time, Defendants do not intend to file any preliminary motions.

7  During the Rule 26(f) conference, defense counsel had no information responsive to

8  Plaintiff's counsel's inquiries about Capobianco & Associates.

9  **H. MANUAL FOR COMPLEX LITIGATION**

10  The parties do not believe this is a complex case or that the procedures of the

11  Manual for Complex Litigation should be utilized.

12  **I.  STATUS OF DISCOVERY**

13  No discovery has taken place in the above-captioned action.

14  **J.  DISCOVERY PLAN**

15  **1. By Plaintiff:**

16  Plaintiff expects to serve Requests for Admission, Requests for Production of

17  Documents and Interrogatories on each Defendant.  Plaintiff also expects to take

18  both fact and expert depositions related to at least the following subjects:

19  a) Defendants' infringements, Defendants' other alleged actions

20  and the claims set forth in the Complaint.

21  b) Damages.

22  c) The basis of each of Defendants' affirmative defenses.

23  d) Any other matters related to the foregoing.

24  Plaintiff's anticipated deponents include:

25  a) Each Defendant's corporate designee(s).

26  b) Each Defendant's expert witness(es).

27  c) Defendants' other witnesses.

28

1   **2.  By Defendants:**

2       Defendants expect to serve written discovery requests (i.e., Requests for

3   Admission, Requests for Production of Documents, Interrogatories) on Plaintiff.

4   Defendants intend to take fact and expert depositions related to, but not limited to,

5   the following subjects:

6       (a)   Plaintiff's allegations of Defendants' alleged actions as set forth in the

7   Complaint, and the basis for each of the allegations, including information regarding

8   documents in support of Plaintiff's allegations and witnesses who have knowledge

9   of Plaintiff's allegations

10      (b)   Plaintiff's alleged damages and her valuation

11      (c)   Any other matters related to the foregoing.

12  Defendants intend to subpoena documents from third parties with knowledge of

13  Plaintiff's alleged claims and damages.  Defendants intend to take the depositions of

14  the following:

15      (a)   Plaintiff

16      (b)   Plaintiff's expert witnesses

17      (c)   Plaintiff's other witnesses who have knowledge of Plaintiff's alleged

18            claims and damages.

19  **3.  Joint:**

20      The parties reserve their right to serve discovery on additional topics as they

21  arise.  The parties also agree that discovery should commence on all subjects

22  concurrently, and that bifurcation of certain issues or phased discovery on particular

23  subject matters does not appear necessary at this time.  The parties do not have any

24  other proposals regarding severance, bifurcation, or other ordering of proof at this

25  time, but reserve their right to raise any proposals in the future, whether by

26  stipulation or motion.

27      Except as expressly stated herein, the parties propose that no modifications be

28  made with regard to limitations on discovery imposed by the FRCP or Local Rules

at this time.  The parties respectfully reserve the right to seek leave of Court to amend or deviate from these limits upon agreement or for good cause.

**K. DISCOVERY CUT-OFF**

The parties agree that the non-expert discovery cut-off shall be 90 days before trial.  Resolution of all discovery motions shall be 45 days before trial.

**L. EXPERT DISCOVERY**

Each of the parties anticipates retaining expert witnesses on the issue of damages and perhaps on other issues.  The parties agree that initial expert disclosures should be due 120 days before trial and rebuttal expert disclosures should be due 90 days before trial.  The parties agree that the expert discovery cut-off should be 60 days before trial.  Resolution of all discovery motions should be 30 days before trial.

**M. DISPOSITIVE MOTIONS**

**1. <u>By Plaintiff:</u>**

Plaintiff expects to bring a motion for summary adjudication as to Defendants' liability.

**2. <u>By Defendants:</u>**

Defendants intend to file a motion for summary judgment/partial summary judgment as to Plaintiff's causes of action and claims of liability and damages..

**N. SETTLEMENT**

Settlement prospects are unknown at this time.  The parties stipulate to conducting a mediation before a mutually-agreeable private mediator pursuant to Settlement Procedure No. 3 under Local Rule 16.15-4.

**O. TRIAL ESTIMATE**

Plaintiff and Defendants have requested that all claims be tried to a jury.  The parties estimate that a jury trial will last five days, with each side having two days to present its case.

**P. TRIAL COUNSEL**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff's lead trial counsel will be Charles J. Harder, Esq. of Harder Mirell & Abrams LLP.

Defendants' lead trial counsel will be  James C. Potepan, Esq. of LeClair Ryan LLP.

**Q. INDEPENDENT EXPERT OR MASTER**

The parties do not believe this case will require a Master pursuant to Rule 53. The parties intend to retain their own respective expert(s) on the issue of damages and other issues.

**R. TIMETABLE**

The parties have prepared and attached as Exhibit A the Schedule of Pretrial and Trial Dates form as requested by the Court in its August 9, 2013 Order.

**S. OTHER ISSUES**

**1.  Motion Scheduling**

The parties agree that any party opposing a dispositive or partially-dispositive motion should receive a minimum of 14 calendar days after the filing date to oppose the motion.

**2.  Electronically Stored Information**

The parties agree to preserve discoverable electronically stored information. The parties agree to provide electronically stored information as required by FRCP 26(b)(2)(B).  The parties agree to produce electronic documents in an electronically searchable form in a format mutually agreeable by the parties, if requested and where reasonably necessary.

**3.  Privilege and Protection of Pretrial Materials**

The parties do not foresee any issues regarding claims of privilege.  The parties agree to negotiate and stipulate to a Protective Order regarding the treatment

1   of confidential information produced in discovery to submit to the Court.

2   **T. PATENT CASES**

3      The parties agree that this is not a patent case and this section is inapplicable.

4   **U. MAGISTRATE JUDGE**

5      The parties agree to have a Magistrate Judge preside over discovery only.

6   The parties do not consent to having a Magistrate Judge preside over all

7   proceedings.

8

9   Dated:  October 11, 2013        HARDER MIRELL & ABRAMS LLP

10

11

12            By:  /s/ Charles J. Harder

13                CHARLES J. HARDER
   Attorneys for Plaintiff

14                HALLE BERRY

15   Dated:  October 11, 2013        LECLAIRRYAN LLP

16

17

18            By:  /s/ James C. Potepan

19                JAMES C. POTEPAN
   ANGELI C. ARAGON

20                Attorneys for Defendants
   TOYWATCH S.p.A., TRIBOO

21                DIGITALE USA INC., and TRIBOO

22                DIGITALE S.r.l.

23

24

25

26

27

28

**ATTACHMENT**

**EXHIBIT A - SCHEDULE OF PRETRIAL AND TRIAL DATES**

| Case No.: | CV13-05428-JAK(CWx) |
|---|---|
| Case Name: | Halle Berry v. Toywatch S.p.A, et al. |

| Hearings: | | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| [ X ] Jury Trial [   ] Court Trial: **(Tuesday at 9:00 a.m.)**<br><br>Duration Estimate:  _5_  Days / ____ Weeks | | September 9, 2014 | September 9, 2014 | |
| Status Conference re Exhibits:  **(Friday at 3:00 p.m.)**<br><br>Friday before the trial date | | September 5, 2014 | September 5, 2014 | |
| Final Pretrial Conference: **(Monday at 3:00 p.m.)**<br><br>2 weeks before the trial | | August 25, 2014 | August 25, 2014 | |

| Deadlines: | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motions (not file) | 8 | August 4, 2014 | August 4, 2014 | |
| Expert Discovery Cut-Off | 8 | July 7, 2014 | July 7, 2014 | |
| Expert Disclosure (Rebuttal) | 10 | June 2, 2014 | June 2, 2014 | |
| Expert Disclosure (Initial) | 12 | May 12, 2014 | May 12, 2014 | |
| Non-Expert Discovery Cut-Off | 14 | June 2, 2014 | June 2, 2014 | |
| Last Date to Add Parties/Amend Pleadings | | February 24, 2014 | December 16, 2013 | |

| Settlement Procedure Selection:<br>*(ADR-12 Form will be completed by Court)* | | | | |
|---|---|---|---|---|
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | | 3. Outside ADR/Private Mediation | 3. Outside ADR/Private Mediation | |
| Last day to conduct settlement conference | | June 9, 2014 | June 9, 2014 | |

ATTACHMENT: SCHEDULE OF PRETRIAL AND TRIAL DATES