1  CHARLES J. HARDER (State Bar No. 184593)
2  DOUGLAS E. MIRELL (State Bar No. 094169)
   SARAH E. LUPPEN (State Bar No. 258559)
3  HARDER MIRELL & ABRAMS LLP
   1801 Avenue of the Stars, Suite 1120
4  Los Angeles, California 90067
5  Telephone:  (424) 203-1600
   Facsimile:   (424) 203-1601
6
7  Attorneys for Plaintiff
   HALLE BERRY
8
9
                UNITED STATES DISTRICT COURT
10
         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
11
12
13 HALLE BERRY, an individual,           ) Case No. CV13-05428-JAK(CWx)
                                         )
14              Plaintiff,               )
                                         ) **FIRST AMENDED COMPLAINT**
15      v.                               ) **FOR:**
                                         )
16                                       ) **1. VIOLATION OF COMMON LAW**
                                         )    **RIGHT OF PUBLICITY**
17 TOYWATCH S.p.A., an Italian           )
   corporation; TRIBOO DIGITALE USA,     ) **2. VIOLATION OF COMMON LAW**
18 INC., a Delaware corporation; TRIBOO  )    **RIGHT OF PRIVACY**
19 DIGITALE S.r.l., an Italian limited   )
   liability company; WE'RE WITH THE     ) **3. TRADEMARK / TRADE NAME**
20 BRAND, LLC d/b/a "Capobianco &        )    **INFRINGEMENT IN VIOLATION OF**
   Associates," a California limited     )    **LANHAM ACT (15 U.S.C. § 1125)**
21 liability company; CINDY              )
22 CAPOBIANCO, an individual; and        ) **4. TRADE DRESS INFRINGEMENT**
   DOES 3-10, inclusive,                 )    **IN VIOLATION OF LANHAM ACT**
23                                       )    **(15 U.S.C. § 1125)**
                Defendants.              )
24                                       ) **5. SLOGAN INFRINGEMENT**
                                         )    **IN VIOLATION OF LANHAM ACT**
25                                       )    **(15 U.S.C. § 1125)**
                                         )
26                                       ) ***DEMAND FOR JURY TRIAL***
27
28

                                   1
                        FIRST AMENDED COMPLAINT

Plaintiff Halle Berry alleges as follows:

## INTRODUCTION

1. Halle Berry is an internationally recognized motion picture star and celebrity, and her name, image, identity and persona have tremendous commercial value. Defendants used Ms. Berry's name and image, without her permission, in advertising and marketing for watch products. Defendants did not seek or obtain Ms. Berry's approval before using her name and image in connection with the advertising, marketing and sales at issue, nor did Defendants pay Ms. Berry any compensation for such unauthorized use, let alone compensation commensurate with the substantial commercial value of the use of her name and image for such commercial purposes. Defendants' actions constitute a violation of Ms. Berry's common law right of publicity, a violation of her common law right of privacy, and an infringement of her trademark, trade name, trade dress and slogan, thereby entitling her to an award of substantial monetary damages, punitive damages and a permanent injunction prohibiting Defendants from any further use of her name or image for commercial purposes.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### THE PARTIES

2. Plaintiff HALLE BERRY is an individual, resident and domiciliary of the State of California, County of Los Angeles.

3. Plaintiff is informed and believes, and based thereon alleges, that defendant TOYWATCH S.p.A. is, and at all times relevant hereto was, an Italian corporation doing business in the State of California, County of Los Angeles.

4. Plaintiff is informed and believes, and based thereon alleges, that defendant TRIBOO DIGITALE USA, INC. is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware, and doing business in the State of California, County of Los Angeles.

1       5.      Plaintiff is informed and believes, and based thereon alleges, that defendant TRIBOO DIGITALE S.r.l. is, and at all times relevant hereto was, an Italian limited liability company doing business in the State of California, County of Los Angeles.

        6.      The defendants identified in paragraphs 3 through 5 above are referred to collectively herein as "ToyWatch."

        7.      Plaintiff is informed and believes, and based thereon alleges, that defendant WE'RE WITH THE BRAND, LLC d/b/a "Capobianco & Associates" (formerly Doe #1) is, and at all times relevant hereto was, a California limited liability company doing business in the State of California, County of Los Angeles. (Defendants Capobianco & Associates and Cindy Capobianco are referred to collectively herein as "Capobianco.")

        8.      Plaintiff is informed and believes, and based thereon alleges, that defendant CINDY CAPOBIANCO (formerly Doe #2) is, and at all times relevant hereto was, an individual and domiciliary of the State of California, County of Los Angeles, doing business in the State of California, County of Los Angeles.

        9.      Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants sued herein as Does 3 through 10, and each of them, are in some manner responsible or legally liable for the actions, events, transactions and circumstances alleged herein. The true names and capacities of such fictitiously-named Defendants, whether individual, corporate, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of Court to amend this Complaint to assert the true names and capacities of such fictitiously named Defendants when the same have been ascertained. For convenience, each reference to a named Defendant herein shall also refer to Does 3 through 10. All defendants, including both the named defendants and those referred to herein as Does 3 through 10, are referred to collectively herein as "Defendants."

10.     Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, were and are the agents, employees, partners, joint-venturers, co-conspirators, owners, principals, and/or employers of the remaining Defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, partnership, employment, conspiracy, ownership or joint venture.  Plaintiff is further informed and believes and based thereon alleges that the acts and conduct herein alleged of each such Defendant were known to, authorized by and/or ratified by the other Defendants, and each of them.

### HALLE BERRY

11.     Plaintiff Halle Berry is a universally known motion picture star and celebrity who has starred in and received critical acclaim for her performances in television and motion pictures that have been viewed by millions of people throughout the United States and the world.  Ms. Berry has starred in more than thirty (30) motion pictures including, among others:  The Call (2013), Movie 43 (2013), Cloud Atlas (2012), Dark Tide (2012), New Year's Eve (2011), Frankie and Alice (2010), Things We Lost in the Fire (2007), Perfect Stranger (2007), X-Men: The Last Stand (2006), Robots (2005), Catwoman (2004), Gothika (2003), X2: X-Men United (2003), Die Another Day (2002), Monster's Ball (2001), Swordfish (2001), X-Men (2000), Why Do Fools Fall in Love (1998), Bulworth (1998), B*A*P*S (1997), The Rich Man's Wife  (1996), Race the Sun (1996), Executive Decision  (1996), Losing Isaiah (1995), The Flintstones (1994), The Program (1993), Father Hood (1993), Boomerang (1992), The Last Boy Scout (1991), Strictly Business (1991), and Jungle Fever (1991).

12.     Ms. Berry has received numerous honors, awards and recognitions for her work.  In 2002, she received the Academy Award Oscar for Best Actress for her portrayal of Leticia Musgrove in Monster's Ball (2001).  Ms. Berry is the only African-American woman in history to receive that award.  In 2000, Ms. Berry was awarded the Golden Globe for Best Actress in a Motion Picture Made for TV, the

4
FIRST AMENDED COMPLAINT

Emmy Award for Outstanding Lead Actress in a Movie, and the Screen Actors Guild Award for Outstanding Performance by a Female Actor, all for her performance as Dorothy Dandridge in *Introducing Dorothy Dandridge* (1999).

13. Ms. Berry also has received the following People's Choice and Teen Choice awards and nominations:

2008 People's Choice Award nominee for "Favorite Female Movie Star"

2007 People's Choice Award **winner** for "Favorite Female Action Star"

2005 People's Choice Award nominee for "Favorite Female Movie Star"

2004 Teen Choice Award **winner** for "Choice Movie Actress in a Drama/Action"

14. Ms. Berry also has received the following additional awards, among others:

a. Two Screen Actors Guild Awards
b. Blockbuster Entertainment Award
c. Bambi Award
d. Berlin International Film Festival "Best Actress" Award
e. Shanghai International Film Festival's "Outstanding Contribution to World Cinema" Award
f. Acapulco Black Film Festival Career Achievement Award
g. Five NAACP Image Awards
h. Three BET Awards for Best Actress
i. Black Movie Award
j. Three Black Reel Awards
k. Prism Award, and
l. The Hasty Pudding Theatricals "Woman of the Year" Award

15. Ms. Berry also was honored with a Star on the "Hollywood Walk of Fame" in April 2007, located at 6801 Hollywood Boulevard in Hollywood, California.

16. Plaintiff's name, image, identity, and persona are recognized instantly by the public and have substantial commercial value. She exercises careful consideration prior to permitting the commercial use of her name, image, identity or persona to ensure that they are associated with products, entertainment, services and/or companies in which she believes and to ensure that the value of her name, image, identity and persona is not diminished, either by association with products, entertainment, services and/or companies which she does not personally desire to support and/or by over-saturation of her name and image. Ms. Berry will not voluntarily appear in print or other media for a company or product unless she carefully selects and believes in the company and product, and unless the compensation she receives is both commensurate with the value of the exploitation of her name, image, identity and persona, and sufficient to compensate her for any potential diminution in value resulting from the commercial use of her publicity rights, intellectual property rights and privacy rights.

## DEFENDANTS' WRONGFUL CONDUCT

17. Plaintiff is informed and believes and on that basis alleges that Defendants are, and at all times relevant hereto were, primarily engaged in the business of manufacturing, distributing, marketing and/or selling watches and other products, and advertising, marketing and selling their products in the State of California, and throughout the United States and the world.

18. Defendants intentionally and prominently used Ms. Berry's name, photograph, image, identity, trademarks, trade name, trade dress and slogan (collectively herein "Plaintiff's Rights") in advertising, marketing and/or promotion (collectively, the "Advertisements") to sell watches and other products (collectively, the "Advertised Products").

19. Within certain of the Advertisements, Plaintiff's Rights were used immediately adjacent to the Advertised Products, so as to create an unauthorized and false association with Plaintiff and Plaintiff's Rights.

20. Plaintiff is informed and believes and based thereon alleges that Capobianco served as the marketing firm for ToyWatch and worked with ToyWatch in using Plaintiff's name, photograph, image, identity and persona in the advertising, marketing and promotion attendant to the sale of ToyWatch products and to promote ToyWatch and its brand worldwide by creating an unauthorized and false association with Ms. Berry.

21. At no time did Plaintiff ever give her permission to Defendants, or any of them, to use any of Plaintiff's Rights in the Advertisements, or to advertise, market, promote or sell the Advertised Products, or in any other manner, nor has Plaintiff been compensated for such unauthorized commercial use of Plaintiff's Rights.

22. Plaintiff is informed and believes and based thereon alleges that Defendants intentionally, negligently and/or knowingly caused Plaintiff's Rights to appear in the Advertisements for the purpose of advertising and promoting Defendants and their products, including the Advertised Products.

23. Plaintiff has developed and cultivated her name, image, identity and persona to create celebrity and universal recognition, and Defendants have, without any right, title or authorization, misappropriated Plaintiff's Rights by unlawfully using them for the aforesaid commercial purposes.

## FIRST CAUSE OF ACTION

**(For Violation of Common Law Right of Publicity Against All Defendants)**

24. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 23, inclusive, as though fully set forth herein.

25. Based on her hard work and use of her talents in the entertainment field, Plaintiff's name, photograph, image, identity and persona have become, and are, very valuable worldwide and are invested with substantial goodwill in the eyes of the public. Accordingly, Plaintiff has a valuable right of publicity, a right with substantial commercial value, which she has not agreed to license or transfer, in whole or in part, to Defendants, or any of them, for any purpose whatsoever.

26. The wrongful acts of Defendants, and each of them, as alleged hereinabove, constitute a violation and misappropriation of Plaintiff's rights of publicity because Defendants have misappropriated Plaintiff's name, photograph, image, identity and persona, and used them, without permission, for Defendants' advantage including, without limitation, to advertise and promote Defendants' businesses in general, and promote and sell their products and, in particular, the Advertised Products.

27. As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiff has been damaged in an amount that exceeds the jurisdictional minimum of this Court, to be determined at the time of trial.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, in doing the things herein alleged, acted willfully, maliciously and oppressively, and with full knowledge of the adverse effect of their actions on Plaintiff and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants, and each of them, in an amount to be determined at the time of trial.

29. Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further commercial use of Plaintiff's publicity rights including without limitation her name, likeness, photograph, voice, sound-alike voice, signature, or identity.

///

## SECOND CAUSE OF ACTION

### (For Violation of Common Law Right of Privacy Against All Defendants)

30. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Defendants' wrongful acts, as alleged hereinabove, constitute a violation of Plaintiff's common law right of privacy because Defendants, without Plaintiff's permission, used Plaintiff's name and photograph to advertise and promote Defendants' companies and products.

32. Defendants have infringed Plaintiff's right to be left alone and her right to control the use of her image, identity and persona, in direct violation of applicable privacy laws.

33. As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiff has been damaged in an amount that exceeds the jurisdictional minimum of this Court, to be determined at the time of trial.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants, in doing the things herein alleged, acted willfully, maliciously and oppressively, and with full knowledge of the adverse effect of their actions on Plaintiff and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at the time of trial.

35. Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further violation of Plaintiff's privacy rights.

///
///
///
///
///

## THIRD CAUSE OF ACTION

### (For Trademark / Trade Name Infringement
### Lanham Act, 15 U.S.C. § 1125(a) - Against All Defendants)

36. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 35, inclusive, as though fully set forth herein.

37. Plaintiff's name and image constitute trademarks, and her name constitutes a trade name, all of which are owned by Plaintiff, and have been extensively advertised and promoted throughout the world for more than twenty (20) years. As a result of this advertising and promotion, Plaintiff's trademarks and trade name are recognized throughout worldwide trading areas and channels of trade as famous and distinctive, and are identified by the purchasing public with Plaintiff. Plaintiff's trademarks and trade name are famous and distinctive within the meaning of U.S. trademark law, including 15 U.S.C. sections 1125 and 1127.

38. Notwithstanding Plaintiff's rights, Defendants, without Plaintiff's authorization, advertised, distributed, offered to sell and sold products and services that unlawfully utilize Plaintiff's trademarks and trade name.

39. Defendants' use, and continuing use, of Plaintiff's trademarks and trade name in connection with Defendants' companies, products and services constitutes a violation of applicable 15 U.S.C. section 1125(a) in that it creates a false association between Plaintiff and her trademarks and trade name, on the one hand, and Defendants' companies, products and services, on the other hand, and a false designation of origin as to the goods and services advertised, marketed, promoted, distributed, offered for sale and sold by Defendants. Defendants' use of Plaintiff's trademarks and trade name is likely to confuse, mislead and/or deceive the consuming public and trade by creating the false impression that Defendants' companies, products and services are or were approved, authorized, sponsored,

endorsed, guaranteed by and/or are in some way affiliated or associated with Plaintiff.

40. Defendants' use, and continuing use, of the Plaintiff's trademarks and trade name in connection with Defendants' companies, products, and services also constitutes a false or misleading description or representation in violation of 15 U.S.C. section 1125(a).

41. As a direct and proximate result of Defendants' wrongful conduct described herein, Plaintiff is entitled, pursuant to 15 U.S.C. section 1117(a) to the recovery of: (1) all damages sustained by Plaintiff as a result of Defendants' conduct, including without limitation a lost royalty equal to the amount that Plaintiff ordinarily is paid for the use of her name and image to sell third party commercial products; (2) Defendants' profits associated with the use of Plaintiff's trademarks and trade name; and (3) Plaintiff's costs of suit.

42. Plaintiff further alleges that because Defendants committed the acts alleged above with knowledge of Plaintiff's prior rights to, and use of, her trademarks and trade name, and with the intent to trade on Plaintiff's trademarks and trade name, this case is exceptional under 15 U.S.C. section 1117(a), thereby entitling Plaintiff to recovery of her attorneys' fees.

43. Plaintiff also seeks treble damages pursuant to 15 U.S.C. section 1117(b), and statutory damages in the amount of $2,000,000 pursuant to 15 U.S.C. section 1117(c).

44. Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further commercial use of Plaintiff's trademarks and trade name, or any iterations thereof.

///
///
///
///

## FOURTH CAUSE OF ACTION

### (For Trade Dress Infringement

### Lanham Act, 15 U.S.C. § 1125(a) - Against All Defendants)

45. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 44, inclusive, as though fully set forth herein.

46. Defendants, without Plaintiff's authorization, advertised, distributed, offered to sell, and sold products that unlawfully utilize Plaintiff's trade dress, namely, her name, image and identity as used in commerce for more than twenty (20) years.

47. Defendants use, and continuing use, of Plaintiff's trade dress, in connection with Defendants' companies, products and services constitutes a violation of 15 U.S.C. section 1125(a) in that it creates a false association between Plaintiff, on the one hand, and Defendants' companies, products and services, on the other hand, and a false designation of origin as to the goods and services advertised, marketed, promoted, distributed, offered for sale, and sold by Defendants. Defendants' use of Plaintiff's trade dress is likely to confuse, mislead and/or deceive the consuming public and trade by creating the false impression that Defendants' companies, products and services are or were approved, authorized, sponsored, endorsed, guaranteed by and/or are in some way affiliated or associated with Plaintiff.

48. Defendants' use, and continuing use, of Plaintiff's trade dress in connection with Defendants' companies, products and services also constitutes a false or misleading description or representation in violation of 15 U.S.C. section 1125(a).

49. As a direct and proximate result of Defendants' wrongful conduct described herein, Plaintiff is entitled, pursuant to 15 U.S.C. section 1117(a) to the recovery of: (1) all damages sustained by Plaintiff as a result of Defendants'

conduct, including without limitation a lost royalty equal to the amount that Plaintiff ordinarily is paid for the use of her name and image to sell third party commercial products; (2) Defendants' profits associated with the use of Plaintiff's trade dress; and (3) Plaintiff's costs of suit.

50. Plaintiff further alleges that because Defendants committed the acts alleged above with knowledge of Plaintiff's prior rights to, and use of, her trade dress, and with the intent to trade on Plaintiff's trade dress, this case is exceptional under 15 U.S.C. section 1117(a), thereby entitling Plaintiff to recovery of her attorneys' fees.

51. Plaintiff also seeks treble damages pursuant to 15 U.S.C. section 1117(b), and statutory damages in the amount of $2,000,000 pursuant to 15 U.S.C. section 1117(c).

52. Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further commercial use of Plaintiff's trade dress.

## FIFTH CAUSE OF ACTION

**(For Slogan Infringement**

**Lanham Act, 15 U.S.C. § 1125(a) - Against All Defendants)**

53. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1 through 52, inclusive, as though fully set forth herein.

54. Defendants, without Plaintiff's authorization, advertised, distributed, offered to sell, and sold products that unlawfully utilize Plaintiff's slogan, namely, her first name "Halle," and her full name "Halle Berry," both of which Plaintiff has used in commerce for more than twenty (20) years.

55. Defendants' use, and continuing use, of Plaintiff's slogan, in connection with Defendants' companies, products and services constitutes a violation of 15 U.S.C. section 1125(a) in that it creates a false association between Plaintiff, on the one hand, and Defendants' companies, products and services, on the

other hand, and a false designation of origin as to the goods and services advertised, marketed, promoted, distributed, offered for sale, and sold by Defendants. Defendants' use of Plaintiff's slogan is likely to confuse, mislead and/or deceive the consuming public and trade by creating the false impression that Defendants' companies, products and services are or were approved, authorized, sponsored, endorsed, guaranteed by and/or are in some way affiliated or associated with Plaintiff.

56.     Defendants' use, and continuing use, of Plaintiff's slogan in connection with Defendants' companies, products and services also constitutes a false or misleading description or representation in violation of 15 U.S.C. section 1125(a).

57.     As a direct and proximate result of Defendants' wrongful conduct described herein, Plaintiff is entitled, pursuant to 15 U.S.C. section 1117(a) to the recovery of: (1) all damages sustained by Plaintiff as a result of Defendants' conduct, including without limitation a lost royalty equal to the amount that Plaintiff ordinarily is paid for the use of her name and slogan to sell third party commercial products; (2) Defendants' profits associated with the use of Plaintiff's slogan; and (3) Plaintiff's costs of suit.

58.     Plaintiff further alleges that because Defendants committed the acts alleged above with knowledge of Plaintiff's prior rights to, and use of, her slogan, and with the intent to trade on Plaintiff's slogan, this case is exceptional under 15 U.S.C. section 1117(a), thereby entitling Plaintiff to recovery of her attorneys' fees.

59.     Plaintiff also seeks treble damages pursuant to 15 U.S.C. section 1117(b), and statutory damages in the amount of $2,000,000 pursuant to 15 U.S.C. section 1117(c).

60.     Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further commercial use of Plaintiff's slogan, namely, her first name "Halle" and her full name "Halle Berry," or any iteration thereof.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. General and special damages in accordance with proof at trial, together with interest thereon at the legal rate;

2. Statutory damages in the maximum amount available by law;

3. Treble damages;

4. Exemplary and punitive damages in an amount according to proof at the time of trial;

5. An award of Plaintiff's attorneys fees;

6. Preliminary and permanent injunctive relief prohibiting Defendants and their affiliated companies from any further use of Plaintiff's Rights, including without limitation her name, likeness, photograph, identity, voice, sound-alike voice or signature, in a manner that violates her publicity rights, trademarks, trade name, trade dress and/or slogan rights, and also prohibiting Defendants and their affiliated companies from any further violations of Plaintiff's privacy rights;

7. For all costs of suit incurred herein; and

8. For such other and further relief as the Court may deem proper.

Dated: October 30, 2013           HARDER MIRELL & ABRAMS LLP

By: _____
CHARLES J. HARDER
Attorneys for Plaintiff HALLE BERRY

///
///
///
///
///

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: October 30, 2013          HARDER MIRELL & ABRAMS LLP

By: _____
CHARLES J. HARDER
Attorneys for Plaintiff HALLE BERRY