JAMES C. POTEPAN (SBN 107370)
Email: james.potepan@leclairryan.com
ANGELI C. ARAGON (SBN 176142)
Email: angeli.aragon@leclairryan.com
CHAD M. MANDELL (SBN 272775)
Email: chad.mandell@leclairryan.com
LECLAIRRYAN, LLP
725 S. Figueroa Street, Suite 350
Los Angeles, CA  90017
Telephone:   (213) 488-0503
Facsimile:    (213) 624-3755

Attorneys for Defendants
**TOYWATCH S.p.A., WE'RE WITH THE BRAND, LLC dba CAPOBIANCO & ASSOCIATES and CINDY CAPOBIANCO**

LAURA K. CHRISTA (SBN 97319)
Email: lchrista@christalaw.com
CHRISTA & JACKSON
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067
Telephone:  (310) 282-8040
Facsimile:  (310) 282-8421

Attorneys for Defendants
**TRIBOO DIGITALE USA, INC. and TRIBOO DIGITALE S.r.l.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLE BERRY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TOYWATCH S.p.A., an Italian corporation; TRIBOO DIGITALE USA, INC., a Delaware corporation; TRIBOO DIGITALE S.r.l., an Italian limited liability company; and DOES 1-30, inclusive,<br><br>Defendants. | Case No.: CV 13-05428 JAK (CWx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' JOINT STATEMENT OF DISCOVERY DISPUTES**<br><br>Hearing Date: June 3, 2014<br>Time:            2:00 P.M<br>Judge:           Hon. Carla M. Woehrle<br>Courtroom:    640<br><br>*Assigned Judge:   John A. Kronstadt*<br>*Complaint Filed:   May 30, 2013* |

- 1 -

Plaintiff Halle Berry's ("Plaintiff" or "Ms. Berry") Response ("Response") to Defendants' Joint Statement is replete with slanderous and wholly unsupported accusations, half-truths, and personal attacks, which Plaintiff hopes will divert this Court's attention. Herein, Defendants will seek to refocus the debate back on the discovery disputes that need to be addressed at the upcoming discovery conference.

### A. Defendants' Efforts To Provide A Single Joint Statement.

In an effort to distract this Court, Plaintiff accused Defendants of filing a Joint Statement "without affording Plaintiff's counsel the opportunity to review or comment upon it." Nothing could be further from the truth. In fact, because Plaintiff's counsel had asserted that she did not want to work over the upcoming holiday weekend, Defendants agreed to take the laboring oar and rushed to provide Plaintiff's counsel with a proposed draft of the Joint Statement on Wednesday May 21 – Plaintiff was supposed to insert her section by Friday May 23 and Defendants agreed that they would prepare their rebuttal over the holiday weekend, so the Joint Statement could be filed by Tuesday May 27. Supplemental Declaration of Chad M. Mandell "Mandell Sup. Dec.", para. 2. Plaintiff's counsel refused to insert her portion into the Joint Statement and to return it to Defendants' counsel by Friday May 20. Undeterred, Defendants tried to compromise with Plaintiff's counsel on several occasions to obtain Plaintiff's participation in a single Joint Statement.

For example, although all parties were aware that counsel for Defendant Triboo was in meetings in Brussels, Ms. Christa saw the email exchanges between counsel and sent an email from Brussels on May 22 in an attempt to work out a compromise:

> My apologies for a late reply from Brussels. I have been following the email exchanges and have seen some intemperance which worries me. Look, we probably ought to give Chad some credit for working on a draft that obviously took some time and we ought to cut him some slack on whether he got it right on every point we raised on Sunday. I do think it would be helpful to give Carla Woerhle some background

> on the dispute for heaven's sake and if we need to cut the legal standard language, which she may well not need, that seems fine to me. I wouldn't more or less order him to cut certain things and send a new draft because I don't think any of us would like to receive that kind of directive. I don't understand why we now have two drafts in the offing. As I understood it, and my memory is more and more imperfect, defendants are impatient that HB will not appear for a deposition before ten days in advance of the discovery cutoff date. Tough to prepare for trial if subsequent discovery that might be deemed necessary following her deposition is foreclosed. We all get that. Defendants want full responses to discovery asking about monetary compensation for the use of HB's name and likeness. Fair enough. ToyWatch has asked for a lot of depositions/document productions from third parties. They make a legitimate point, it seems to me, that the HB deposition will fine tune which of those will actually be necessary. This is why, with the limited time we have left, we thought we ought to be talking to the Magistrate. If Chad leaves out the legal standard and I draft an introductory paragraph, with Chad folding some of the extra language related to the depositions and written discovery into 50% of what he has written so far, do you think we can get a written draft we can all work with in the next few days?

Mandell Sup. Dec., Ex. H. Plaintiff's counsel was not persuaded to join in the existing Joint Statement draft.

As all parties had had previously agreed that the Joint Statement needed to be filed on May 27 to give this Court time to familiarize itself with the discovery disputes, counsel for Defendants worked over the holiday weekend to prepare a Joint Statement that included Plaintiff's statements made in her separate Joint Statement. It was filed on May 27, as planned.

Plaintiff failed to mention that Defendants' counsel gave Plaintiff a chance to review the Joint Statement and to join Defendants' in a supplemental document:

> Sarah,
>
> The preparation of the final document took longer than I had hoped. I attribute this in no small degree to the fact that we had to integrate two

- 3 -

> separate Joint Statements into one.
>
> As we were operating under a deadline, upon which counsel had previously agreed in order to give the Court enough time to consider the discovery disputes, we filed Defendants' Joint Statement today.
>
> However, if upon reviewing the document this evening you determine that you would like to join Defendants in this Joint Statement, we are prepared to file a Supplemental Joint Statement tomorrow morning.
>
> Sincerely,
> Chad

Mandell Sup. Dec., Ex. I. Plaintiff also failed to mention in her Response that when the upcoming discovery conference was moved from May 30 to June 3, 2014, counsel for **Defendants reached out to Plaintiff's counsel again** in good faith to compromise on a single Joint Statement:

> Colleagues -
>
> So given that we have some extra time, are we going to try to fine-tune a single document? Is plaintiff's counsel filing anything? Just trying to get the lay of the land.
>
> Best regards,
> Laura

Mandell Dec., Ex. J. Rather than take advantage of the extra time, and Defendants' offer to compromise on a single joint statement, Plaintiff opted to prepare its own 10-page Response, in which Plaintiff attempted to divert the Court's attention from the real issues that need to be addressed at the upcoming discovery conference.

### B. Depositions.

Defendants have repeatedly requested that Plaintiff provide a date for her deposition. Plaintiff has essentially ignored these requests.

In fact, Plaintiff admits in her Response that her unnamed "representatives" only provided her counsel with a date for her deposition on May 13, 2014. Docket

- 4 -

1  No. 62, p. 7, lns. 12-14.  Therefore, either Plaintiff's counsel never relayed to Ms.
2  Berry Defendants' many requests for deposition dates, or Plaintiff's counsel never
3  advised Plaintiff that she could not ignore Defendants' requests, or Plaintiff has
4  chosen to disregard her obligation to participate in discovery.  Also, it does not
5  appear that Plaintiff's counsel advised Plaintiff that it is completely inappropriate to
6  only offer deposition dates that fall just a few days before the discovery cutoff,
7  particularly since Plaintiff has sued ordinary, working individuals as well as two
8  Italian companies, whom she has forced to answer in California.

9        Rather than address these major issues, Plaintiff's Response attempts to
10 distract this Court with non-issues.  For example, Plaintiff noisily argued that
11 Defendants "lie[d]" about whether representations were made that Plaintiff could
12 be deposed in May 2014.  In doing so, Plaintiff also personally attacked
13 Defendants' counsel, in **bold font** and ALL-CAPS (although, he did do so not
14 under oath).

15       Plaintiff's haranguing is an intentional distraction.  The dispute is not over
16 whether Plaintiff represented that she could be available in May, the dispute relates
17 to the fact that Plaintiff refuses to sit for her deposition until the end of discovery,
18 which is unacceptable.

19       Defendants need to depose Plaintiff in the next two weeks so they can
20 conduct follow-up discovery and prepare their motion for summary judgment.
21 Defendants are not hiding from their depositions; they are willing to appear within
22 approximately ten days of Plaintiff's deposition.  Plaintiff must stop hiding behind
23 her counsel's dilatory discovery tactics – such as noticing depositions at the outset
24 of the action, and then claiming "priority" over the deposition schedule.  The time
25 has come for Plaintiff to sit for her deposition.

26     **C.**    **Interrogatories, Requests For Production, and Subpoenas To**
27           **Third Parties.**

28       It is Defendants' understanding that Plaintiff will seek monetary damages in

- 5 -

an amount that is at least equal to the market value of her image, intellectual property and endorsement. Defendants cannot evaluate damages under this standard if Plaintiff refuses to produce all of her prior endorsement agreements, and agreements for the use of Plaintiff's name, image, likeness, trademark, and trade dress, as well as related documents, drafts, and communications. Relatedly, Defendants seek information regarding trade-out agreements, pursuant to which Plaintiff received goods or services in exchange for goods or service; information as to appearances Plaintiff made in exchange for money; and movie contracts in which Plaintiff relinquished control over the use of her image in connection with commercial tie-ins and agreed to make appearances.

Rather than produce this essential information, Plaintiff has chosen to limit her production to a small handful of endorsement deals – apparently Plaintiff's most lucrative deals – in which Plaintiff served as a spokesperson or was involved in a major international advertising campaign.

However, a simple internet search revealed that Plaintiff has appeared in literally dozens of magazines, such as Vogue, InStyle, and Esquire, to name a few. Mandell Sup. Dec., Ex. K. **Plaintiff has not provided a single one of these contracts.** The same simple search revealed endorsement deals with Callaway Golf Company and Harry Winston, which Plaintiff has not provided.

What is particularly troubling is the fact that Plaintiff failed to provide these agreements; then failed to provide the names of Plaintiff's agents, publicists, and others who may have these agreements; then, when Defendants learned of the identities of these entities through their own investigation, Plaintiff's counsel took on the representation of virtually all of these representatives and again refused to produce any documents additional documents.

Unbelievably, Plaintiff's counsel even stated that if Defendants are aware of contracts that have not been produced, Defendants should let her know. Mandell Sup. Dec., para 7. Plaintiff's counsel now represents Plaintiff and many if not all

- 6 -

of Plaintiff's agents, entertainment counsel, and publicists. So why should Defendants' be (and why have Defendants been) the side locating the requested deals?

### D. Conclusion.

The August 1, 2014 discovery deadline is quickly approaching. Defendants pray that this Court will assist in the scheduling of the depositions of plaintiff and her representatives, and in resolving other outstanding issues so that defendants are no longer prejudiced in their efforts to prepare a defense to Plaintiff's allegations

DATED: June 2, 2014  LECLAIRRYAN, LLP

By: */s/ Chad M. Mandell*
JAMES C. POTEPAN
ANGELI C. ARAGON
CHAD M. MANDELL
Attorneys for Defendants
**TOYWATCH S.p.A., WE'RE WITH THE BRAND, LLC dba CAPOBIANCO & ASSOCIATES and CINDY CAPOBIANCO**

DATED: June 2, 2014  CHRISTA & JACKSON

By: */s/ Laura K. Christa*
LAURA K. CHRISTA
Attorneys for Defendants
**TRIBOO DIGITALE USA, INC. and TRIBOO DIGITALE S.r.l.**

- 7 -