JAMES C. POTEPAN (SBN 107370)
Email: james.potepan@leclairryan.com
ANGELI C. ARAGON (SBN 176142)
Email: angeli.aragon@leclairryan.com
CHAD M. MANDELL (SBN 272775)
Email: chad.mandell@leclairryan.com
COURTNEY N. CONNER (SBN 279062)
Email: courtney.conner@leclairryan.com
LECLAIRRYAN, LLP
725 S. Figueroa Street, Suite 350
Los Angeles, CA 90017
Telephone: (213) 488-0503
Facsimile: (213) 624-3755

Attorneys for Defendants
**TOYWATCH S.p.A., WE'RE WITH THE
BRAND, LLC dba CAPOBIANCO &
ASSOCIATES and CINDY CAPOBIANCO**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLE BERRY, an individual,<br><br>         Plaintiff,<br><br>vs.<br><br>TOYWATCH S.p.A., an Italian corporation; TRIBOO DIGITALE USA, INC., a Delaware corporation; TRIBOO DIGITALE S.r.l., an Italian limited liability company; and DOES 1-30, inclusive,<br><br>         Defendants. | Case No.: CV 13-05428 JAK (CWx)<br><br>**DEFENDANTS TOYWATCH S.P.A., WE'RE WITH THE BRAND, LLC AND CINDY CAPOBIANCO'S REPLY IN SUPPORT OF DEFENDANTS' PRIVILEGE LOG**<br><br>Hearing Date: June 26, 2014<br>Time:          2:00 P.M<br>Judge:         Hon. Carla M. Woehrle<br>Courtroom:   640<br><br>*Assigned Judge:    John A. Kronstadt*<br>*Complaint Filed:   May 30, 2013* |

Defendants Toywatch S.p.A. ("Toywatch"), We're With the Brand, LLC dba

Capobianco & Associates and Cindy Capobianco (collectively, "Capobianco")[1]

respectfully submit this Reply in support of Defendants' Privilege Log.

---

[1] We're With the Brand, LLC dba Capobianco & Associates and Cindy Capobianco shall be referred to collectively as "Capobianco".

- 1 -

## I.    <u>INTRODUCTION</u>

Defendants ToyWatch and Capobianco (collectively "Defendants") produced the contested Privilege Log within a reasonable time after this Court's orders and in the interests of full and complete disclosure and transparency. Further, notwithstanding Plaintiff's assertion to the contrary, Defendants produced non-privileged communications between ToyWatch and Capobianco on June 25, 2014.

Defendants have been exceedingly forthcoming in discovery. However, the documents identified in Defendants' Privilege Log are protected by the Joint Defense Privilege and Work Product Doctrine.

## II.    <u>PLAINTIFF CONCEDES THAT TOYWATCH AND CAPOBIANCO ARE ENTITLED TO THE SPECIAL JOINT-DEFENDANT STATUS</u>

In Plaintiff's Response in opposition to Defendants' Privilege Log ("Opposition"), Plaintiff does not challenge ToyWatch and Capobianco's special status as joint defendants. Therefore, Plaintiff concedes that ToyWatch and Capobianco were engaged in joint defense efforts such that any privileged communications between them remains privileged under the law. *See, e.g., United States v. Gonzalez*, 669 F.3d 974, 979-81 (9th Cir. 2012).

## III.    <u>THE WORK PRODUCT PRIVILEGE APPLIES TO DOCUMENTS IDENTIFIED IN DEFENDANTS' PRIVILEGE LOG</u>

The threshold requirements for work product protection are as follows:

1.  The documents at issue must have been prepared by or for the party, or, by or for the party's representative, and

2.  The documents at issue must have been prepared in anticipation of litigation.

*See Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576 (9th Cir. 1992).

Once these threshold elements are established, the burden shifts to the party seeking the privileged documents to establish a need for the documents. If the documents contain the mental impressions of the party's attorney, the party seeking

- 2 -

1   the privileged documents must demonstrate a "compelling need" for the documents
2   and establish that the mental impressions are at issue in this case. *Holmgren*, 976
3   F.2d at 577. Where the party seeking protected documents seeks non-opinion work
4   product (which may include raw factual information), the seeking party must
5   establish that it has a "substantial need" for the non-opinion work product. *Id.*; *see*
6   *UpJohn Co. v. United States*, 449 U.S. 383, 400 (1981); *see also O'Connor v.*
7   *Boeing North America, Inc.*, 216 F.R.D. 640, 641 (C.D. Cal. 2003) (quoting *Baker*
8   *v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir.2000)). Defendants have
9   met their burden. Plaintiff has not.

      **A.**    <u>**First Threshold Requirement:**</u> **The Documents Were Prepared By Or For The Defendants, Or, By Or For The Defendants' Representatives**

13   Plaintiff is mistaken in her assertion that the work product privilege only
14   applies to those portions of communications that "reflect the mental processes of
15   the attorney". (Docket No. 76, Opposition at p. 7, ln. 24-25.) Work-product
16   protection extends to communications prepared by party's and their representatives,
17   regardless of whether those representatives happen to be attorneys. On this point,
18   the Federal Rules could not be clearer: the work product privilege applies to
19   documents and tangible things prepared "**by or for another party or by or for**
20   **that other party's representative (including the other party's attorney,**
21   **consultant, surety, indemnitor, insurer, or agent)**." Fed. R. Civ. P. 26(b)(3)(A)
22   (emphasis added); *see also In re Grand Jury Subpoena (Mark Torf/Torf*
23   *Environmental Management)*, 357 F.3d at 909-10 (discussing documents created by
24   investigator or consultant working for attorney). Here, the authors of the
25   documents contained in the Privilege Log were indisputably employees,
26   representatives, and agents of the parties (as the Court can discern from these
27   individuals' email addresses and from the fact that at least one of these individuals
28   (Robert Rosenheck) has been identified as a potential 30(b)(6) witness for

**DEFENDANTS TOYWATCH AND CAPOBIANCO'S REPLY ISO PRIVILEGE LOG**

1    Capobianco).  Therefore, Defendants have satisfied the first threshold requirement.

2    For the sake of argument, the documents identified in the privilege log would

3    be privileged even under the Plaintiff's misinterpretation of the law, since the

4    October 2012 communications contain the legal and mental impressions of

5    Capobianco's attorney, Alan Rader (See Declaration of Alan Rader ¶ 5, filed

6    concurrently with Defendants' Brief in support of its Privilege Log).

7                 1. <u>Plaintiff is incorrect to the extent that it claims that work product</u>

8                     <u>protection does not extend to raw factual information.</u>

9    Although most of the documents in the privilege log contain the mental

10    impressions of the parties or their representatives (including impressions based on

11    attorney advice), even the facts contained in these documents are protectable.

12    because work product protection extends to non-opinion work product.  *See* Fed. R.

13    Civ. P. 26(b)(3)(A)-(B) (distinguishing standard of disclosure for opinion work

14    product as opposed to non-opinion work product); *see also O'Connor v. Boeing*

15    *North America, Inc.*, 216 F.R.D. at 641; *UpJohn*, 449 U.S. at 401-02; *Holmgren*,

16    976 F.2d at 577; .

17    Non-opinion work product includes raw factual information, and Plaintiff

18    must establish a "substantial need" for such materials by demonstrating that she

19    "cannot without undue hardship, obtain their substantial equivalent by other

20    means." *UpJohn Co*, 449 U.S. at 400 (finding work product "based on oral

21    statements from witnesses" subject to the standard articulated in Fed. R. Civ. P.

22    26(b)(3)); *see also O'Connor v. Boeing North America, Inc.*, 216 F.R.D. at 641

23    (quoting *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir.2000))

24    (discussing non-opinion work product and finding an investigator's oral testimony

25    regarding witness interviews protected work product).  Thus, Plaintiff's blanket

26    assertion that all documents which do not contain the "mental impressions,

27    conclusion, opinions, or legal theories of counsel" are not privileged is incorrect.

28    ///

- 4 -

1     Plaintiff cites two cases in support of her argument that non-opinion work

2  product is somehow not protected, but neither case supports Plaintiff's position.  In

3  *Metzler Contracting Co. LLC v. Stephens*, 642 F.Supp.2d. 1192, 1205 (D. Hawaii

4  2009), many of the documents at issue were disclosed to third parties, and were not

5  authored by representatives of the party claiming the privilege.  *Metzler Contractor*

6  *Co. LLC*, 642 F.Supp.2d at 1197.  Moreover, the court found that most of the

7  documents citing work product privilege were protected, including experts retained

8  solely for consultation, and the motion moving to compel production was denied.

9  *Id.* at 1205-06.

10     Plaintiff next cites an out of district court opinion that involves documents

11 that were disclosed to third parties, which Defendants concede is a legitimate

12 reason to order disclosure, but this circumstance is not present here.    *Cal.*

13 *Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, No. 2:10-cv01207

14 GEB AC, 2014 WL 641139, at *7 (E.D. Cal. Feb. 18, 2014).    Thus, Plaintiff's

15 cases are distinguishable, and inapplicable to the analysis in this matter.  Moreover,

16 even *Cal. Sportfishing Protection Aliiance* concedes that the work product privilege

17 applies to facts which "inherently reveal" protected mental impressions. *See Cal.*

18 *Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, No. 2:10-cv01207

19 GEB AC, 2014 WL 641139, at *6 (E.D. Cal. Feb. 18, 2014).  As explained in detail

20 in the Declaration of Alan Rader, filed concurrently with Defendant's Brief in

21 support of its Privilege Log, the October 2012 communications do contain the

22 mental impressions, thoughts, and analysis of an attorney.  Here, there is no way to

23 reveal the documents in the Privilege Log without divulging the protected mental

24 impressions pertaining to pending and anticipated litigation.    Rather, Plaintiff

25 should seek these facts in Defendants' responses to written discovery and via

26 depositions.

27     Thus this document is subject to the work product privilege, and, as

28 explained below, Plaintiff cannot meet her burden to compel production.

- 5 -

1  **B.    Second Threshold Requirement: The Documents Were Prepared**
2  **Because Of Pending Litigation And In Anticipation Of The**
3  **Closely Related Instant Litigation**

4  As Plaintiff states in its Opposition, in looking at the totality of the
5  circumstances, the appropriate question that the Court must ask is whether "'it can
6  fairly be said that the document was created **because of** anticipated litigation, and
7  would not have been created in substantially similar form but for the prospect of
8  that litigation.'" (Docket 76, Opposition p. 5 ln.25- p.6 ln.5, *quoting United States*
9  *v. Adlman*, 134 F.3d 1194, 1995 (2nd Cir. 1998) (*emphasis added*).)   Granted,
10  Plaintiff has not had the benefit of having seen the documents at issue.[2]   However,
11  this Court, having seen the documents, can discern that these documents would
12  never have been created were it not for the pending litigation in the matter of
13  *Bullock v. Toywatch USA, et al.*, and the prospect of pending litigation in the
14  instant case.  Therefore, the second threshold requirement is satisfied.

15  Plaintiff's Opposition also inexplicably glosses over the ongoing litigation
16  described in the October 2012 communications—litigation which Plaintiff's law
17  firm initiated.  As explained in detail in Defendants' Brief, the litigation involved
18  closely related causes of action for violations of the right of publicity and right of
19  privacy for actress Sandra Bullock.  There can be no dispute that, based on the
20  content of the communications, the communication would not have been prepared
21  but for this litigation.

22  Moreover, the October 2012 and June 2013 communications were prepared
23  in anticipation of the instant litigation.  Given the totality of the circumstances,
24  including the ongoing *Bullock* litigation, and the real prospect of litigation
25  involving a specific individual, actress Halle Berry, the documents would not have
26  been created in "substantially similar form but for the prospect of that litigation."

27
28
[2] Plaintiff theorizes as to the content of these documents, but unfortunately Plaintiff's arguments are only
speculation.  An in camera inspection will reveal that the communications do not contain "marketing and business
strategy."  (Docket 76, Pltf.'s Opp. at p. 6, ln. 8-9.)

- 6 -

**DEFENDANTS TOYWATCH AND CAPOBIANCO'S REPLY ISO PRIVILEGE LOG**

1   *See United States v. Adlman*, 134 F.3d 1194, 1195 (2nd Cir. 1998); *see also In re*
2   *Grand Jury Subpoena (Mark Torf/Torf Environmental Management)*, 357 F.3d
3   900, 907 (9th Cir. 2003).

4         Plaintiff also cites to *Lewis v. Wells Fargo & Co.*, 266 F.R.D. 433, 440-41
5   (N.D. Cal. 2010) for the proposition that ongoing litigation "does not change the
6   analysis." (Pltf.'s Opp. at p. 6, ln. 19.) *Lewis* is distinguishable because that case
7   involved prior litigation that had *not yet commenced* before several of the claimed
8   privileged documents were authored. 266 F.R.D. at 440. Additionally, some of the
9   documents at issue suggested on their face that they were created for normal
10  business purposes such as periodic HR, Corporate Comp and Law Department
11  reviews to ensure "jobs are properly classified." *Id.* Here, the October 2012
12  communications were authored during the *Bullock* litigation, and the June 2013
13  communications were authored after commencement of the instant suit.
14  Additionally, it is clear from the contents of the communications that they do not
15  reflect "periodic" reviews for normal business purposes, but instead reflect
16  thoughts, impressions, and analyses relating to ongoing and the real possibility of
17  additional litigation, and would not have been created b ut for this anticipated
18  litigation.

19      **C.**    **Plaintiff Has Not Met Her Burden to Compel Production of**
20             **Privileged Documents**

21        Plaintiff has the burden of establishing a need for the privileged information.
22  *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d at 577. If the privileged
23  documents contain "mental impressions" of an attorney, Plaintiff must show a
24  "compelling need" for the documents. *Id.* If the privileged documents contain
25  non-opinion information (including facts), Plaintiff must show a "substantial need"
26  and inability to obtain the documents without "undue hardship." *Upjohn*, 449 U.S.
27  at 401 (citing Fed. R. Civ. P. 26(b)(3)).

28

1   Plaintiff devotes only a small portion of her Opposition to her analysis for

2   compelling production of the documents, explaining that the documents are in

3   Defendants' sole possession.  However, Plaintiff neglects to consider other avenues

4   by which she may obtain this information, namely the depositions of corporate

5   representatives of both ToyWatch and Capobianco, scheduled for later this month.

6   Plaintiff also cites to ToyWatch's interrogatory responses that contain information

7   necessary to establish "operative facts" also present in the privileged documents.

8   To the extent the law allows, Plaintiff may use ToyWatch's interrogatory responses

9   as evidence at trial.  *Haskell Plumbing & Heating Company v. Weeks*, 237 F.2d

10  263, 443 (9th Cir. 1956).  Thus, Plaintiff has not established a "substantial need"

11  for the non-opinion work product documents, and cannot establish a "compelling

12  need" for the opinion work product documents because the mental impressions of

13  counsel are not at issue in this litigation.

## IV.   CONCLUSION

15  The documents contained in Defendants' Privilege Log relate entirely to the

16  *Bullock* litigation and the prospect of impending litigation involving Plaintiff.  As

17  such, the subject matter of these documents is inappropriate for discovery.

18  Defendants respectfully request the Court order the documents protected by the

19  work product and joint defense privilege.

20  DATED: July 2, 2014                    LeClairRyan, LLP

22                          By:   */s/ James C. Potepan*
                                  JAMES C. POTEPAN
23                                ANGELI C. ARAGON
                                  CHAD M. MANDELL
24                                COURTNEY N. CONNER
                                  Attorneys for Defendants
25                                **TOYWATCH S.p.A., WE'RE**
                                  **WITH THE BRAND, LLC dba**
26                                **CAPOBIANCO & ASSOCIATES**
                                  **and CINDY CAPOBIANCO**

- 8 -

**CASE NAME:**     **HALLE BERRY v. TOYWATCH S.p.A., et al.**
**CASE NO.:**        **CV13-05428 JAK (CWx)**

## PROOF OF SERVICE

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 725 South Figueroa Street, Suite 350, Los Angeles, California 90017.

     On July 2, 2014, I served the foregoing document(s): **DEFENDANTS TOYWATCH S.p.A., WE'RE WITH THE BRAND, LLC AND CINDY CAPOBIANCO'S REPLY IN SUPPORT OF DEFENDANTS' PRIVILEGE LOG** on the interested parties in this action by placing the true copies thereof enclosed in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Charles J. Harder, Esq.<br>Douglas E. Mirell, Esq.<br>HARDER MIRELL & ABRAMS LLP<br>1925 Century Park East, Suite 800<br>Los Angeles, California 90067<br>Telephone:  (424) 203-1600<br>Facsimile:    (424) 203-1601<br>Email:  charder@hmafirm.com<br>       dmirell@hmafirm.com | Attorneys for Plaintiff<br>**HALLE BERRY** |
| Laura K. Christa, Esq.<br>CHRISTA & JACKSON<br>1901 Avenue of the Stars, Suite 1100<br>Los Angeles, California 90067<br>Telephone:  (310) 282-8040<br>Facsimile:  (310) 282-8421<br>Email:  lchrista@christalaw.com | Attorneys for Defendants<br>**TRIBOO DIGITALE USA, INC. and**<br>**TRIBOO DIGITALE S.r.l.** |

**CASE NAME:**       **HALLE BERRY v. TOYWATCH S.p.A., et al.**
**CASE NO.:**        **CV13-05428 JAK (CWx)**

### PROOF OF SERVICE (CONT'D.)

[ ]   **By United States Mail:** I caused such envelope to be deposited in the mail at Los Angeles, CA 90017. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter day is more than 1 day after date of expiration of deposit for mailing in affidavit.

[ X ]   **By Email or Electronic Transmission:** The above-referenced document was sent via electronic transmission to the person(s) at the email address(es) as indicated above.

[ ]   **Personal Service By Messenger Delivery:** I caused these documents to be delivered in such envelope by hand to the offices of the addressee.

[ ]   **By Overnight Delivery:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

[X]   **(FEDERAL)** I am employed in the office of a member of the bar of this court at whose direction the service was made. I certify under penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2014, at Los Angeles, California.

Graciela Anchante