|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HALLE BERRY, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>TOYWATCH S.p.A., an Italian corporation; TRIBOO DIGITALE USA, INC., a Delaware corporation; TRIBOO DIGITALE S.r.l., an Italian limited liability company; WE'RE WITH THE BRAND, LLC d/b/a "Capobianco & Associates," a California limited liability company; CINDY CAPOBIANCO, an individual; and DOES 3-10, inclusive,<br><br>        Defendants. | Case No. CV13-05428-JAK(CWx)<br><br>**PERMANENT INJUNCTION**<br><br>Assigned for All Purposes to the Hon. John A. Kronstadt<br><br>Action Filed:    May 30, 2013<br>Action Removed: July 26, 2013<br>Trial Date:       Nov. 4, 2014 |

Pursuant to Rule 65 of the Federal Rules of Civil Procedure ("FRCP") and the Stipulation for Entry of Permanent Injunction (the "Stipulation") between Plaintiff Halle Berry ("Plaintiff") and Defendant ToyWatch S.p.A. , and finding good cause to enter a permanent injunction against ToyWatch pursuant to the terms set forth in the Stipulation,

**IT IS HEREBY ORDERED** that:

1.  ToyWatch S.p.A. and its officers, agents, servants, employees and attorneys, as well as all other persons who are in active concert or participation therewith (collectively "ToyWatch") shall not use Plaintiff's name, photograph, likeness, image, voice, sound-alike voice, signature, identity, trademarks, trade dress, slogan or any other intellectual property rights arising from any aspects of Plaintiff's persona to sell, advertise, market or promote ToyWatch's goods or services without first acquiring Plaintiff's express written permission.  This injunction has no effect on any persons not bound pursuant to FRCP 65(d)(2).

2.  The Court shall retain jurisdiction to construe, enforce and implement this Permanent Injunction.

IT IS SO ORDERED.

Dated: November 18, 2014

Hon. John A. Kronstadt
UNITED STATES DISTRICT JUDGE